Oren R. Depp*, IL Bar No. 6345841
odepp@jonesday.com
JONES DAY
110 N. Wacker Dr., Suite 4800
Chicago, IL 60606
Telephone: +1.312.269.4208
Facsimile: +1.312.782.8585
*Admitted *pro hac vice*

Angela M. Taylor (State Bar No. 210425)
angelataylor@jonesday.com
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, CA 92612.4408
Telephone: (949) 851-3939
Facsimile: (949) 553-7539

*Attorneys for Defendant*
*Experian Information Solutions, Inc.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABIGAIL A. RICE, <br><br> Plaintiff, <br><br> v. <br><br> EXPERIAN INFORMATION SOLUTIONS, INC., et al., <br><br> Defendant. | Case No. 2:24-cv-07394-SPG-PVC <br><br> **EXPERIAN INFORMATION SOLUTIONS, INC.'S NOTICE OF *EX PARTE* APPLICATION AND OPPOSED *EX PARTE* APPLICATION FOR EXPEDITED BRIEFING SCHEDULE AND HEARING ON MOTION TO STAY DISCOVERY** <br><br> Complaint Filed: August 29, 2024 |

**TO ALL PARTIES, PLEASE TAKE NOTICE THAT**, per L.R. 7-19 and this Court's Standing Order, Defendant Experian Information Solutions, Inc. ("Experian"), will, and hereby does, apply *ex parte* for an order expediting the briefing schedule for Defendant's Motion to Stay Discovery and Case Deadlines or For a Protective Order ("Motion to Stay Discovery") filed on May 15, 2025. ECF No. 37. Experian's requested briefing schedule and hearing dates are as follows:

- Plaintiff's Response in Opposition to EIS's Motion to Stay Discovery due on May 23, 2025.
- EIS's Reply in Support of EIS's Motion to Stay Discovery due on May 26, 2025.[1]
- A hearing set on EIS's Motion to Stay Discovery for May 27, 2025 at 1:30 P.M.

This *ex parte* Application is made pursuant to Rule 6 of the Federal Rules of Civil Procedure, L.R. 7-19, and this Court's Civil Standing Order governing *ex parte* relief. Prior to this Request, counsel for each party conferred on May 19 via telephonic conference regarding Experian's requested relief. Plaintiff indicated she opposes this application.

Experian rights under the parties' arbitration agreement will be immediately and irreparably harmed if the current discovery briefing schedules set by Magistrate Judge Castillo during the parties' May 13 informal discovery conference and Plaintiff's noticed deposition of Experian for May 29 continue despite Experian's pending Motion to Compel Arbitration and Motion to Stay Discovery, both of which are set for hearing on June 18 according to this Court's normal briefing schedule. Despite Experian's diligence, these new impending deadlines only first appeared after the informal discovery conference, were requested by Plaintiff over Experian's objections, and could not be controlled or avoided by Experian.

---

[1] EIS is aware May 26 is a federal holiday, but in the interest of an expedient resolution and to limit the burden on Plaintiff's counsel and the Court, requests this deadline regardless.

EXPERIAN INFORMATION SOLUTIONS, INC.'S EX PARTE APPLICATION FOR
EXPEDITED BRIEFING OF MOTION TO STAY DISCOVERY (2:24-cv-07394-SPG-PVC)
ii

Plaintiff's counsel's contact information is as follows:

Robert Brennan
Law Offices of Robert F Brennan, APC
6708 Foothill Blvd., Suite 101
Tujunga, CA 91402
(818) 249-5291
Email: rbrennan@brennanlaw.com

This *ex parte* Application is based on this Notice and Application, the attached Memorandum of Points and Authorities, the Declaration Oren R. Depp, and the pleadings and Court orders on file herein.

Dated: May 19, 2025                    JONES DAY

                                       By: */s/ Oren R. Depp*
                                           Oren R. Depp

                                       Attorneys for Defendants
                                       EXPERIAN INFORMATION SOLUTIONS, INC.

## **TABLE OF CONTENTS**

MEMORANDUM OF POINTS AND AUTHORITIES .......................................... - 1 -

Introduction ......................................................................................................... - 1 -

Background ......................................................................................................... - 2 -

Legal Standard .................................................................................................... - 3 -

Legal Argument .................................................................................................. - 4 -

   I.   *Ex Parte* Relief Is Warranted Here ................................................................ - 4 -

      A.  EIS will be irreparably prejudiced absent an expedited briefing and hearing schedule for its Motion to Stay Discovery. ..................................................... - 4 -

      B.  EIS has acted diligently and is without fault in the crisis requiring *ex parte* relief. ................................................................................................................. - 7 -

   II.  Good Cause Exists to Set An Expedited Briefing And Hearing Schedule . - 9 -

Conclusion ........................................................................................................ - 10 -

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Defendant Experian Information Solutions, Inc. ("EIS") seeks an order setting an expedited briefing schedule and hearing as to EIS's pending Motion to Stay Discovery and Case Deadlines or For a Protective Order ("Motion to Stay Discovery") filed on May 15, 2025. ECF No. 37.

On May 13, 2025, the parties attended an informal discovery conference with the presiding magistrate judge, the Honorable Pedro V. Castillo ("Judge Castillo"), regarding Plaintiff's request for 30(b)(1) depositions of dispute agents and a 30(b)(6) deposition. EIS argued a stay of discovery obligations was warranted pending resolution of EIS's Motion to Compel Arbitration ("Arbitration Motion"). Judge Castillo found the authority to decide EIS's request to stay discovery obligations lied exclusively with the district court and ordered Experian, at Plaintiff's request and over EIS's objections, to produce a 30(b)(6) witness before June 18, 2025 and participate in an expedited joint stipulation schedule regarding burdensome 30(b)(1) depositions for submission by June 3, 2025.

Both this joint stipulation schedule and the 30(b)(6) deposition—now noticed for May 29, 2025—will conclude before the Court has an opportunity to consider EIS's Motion to Stay Discovery or Arbitration Motion. In the meantime, these deadlines will deprive EIS of the benefit of the bargain it struck with Plaintiff and vitiate the terms of the parties' arbitration agreement. Because of this, as more fully set forth below, EIS requests that the Court order an expedited briefing schedule and hearing date for EIS's Motion to Stay Discovery based on the following dates:

- Plaintiff's Response in Opposition to EIS's Motion to Stay Discovery due on May 23, 2025.
- EIS's Reply in Support of EIS's Motion to Stay Discovery due on May

26, 2025.[2]

- A hearing set on EIS's Motion to Stay Discovery for May 27, 2025 at 1:30 P.M.

## BACKGROUND

Plaintiff Abigail Rice ("Plaintiff") filed this action on August 29, 2024. ECF No. 1. On October 18, 2024, EIS filed its Answer, wherein EIS raised that Plaintiff's claims may be subject to an arbitration agreement between herself and EIS. ECF No. 13 at 8.

On April 23, 2025, the undersigned counsel, Oren Depp of Jones Day, was notified of this pending case and began to represent EIS in this matter, replacing prior counsel of Troutman Pepper Hamilton Sanders LLP. Declaration of Oren Depp at ¶ 7 ("Decl."). On April 28, the undersigned received the case file from EIS's prior counsel. *Id.* On April 29, the undersigned contacted Plaintiff's counsel to request a telephonic conference to discuss the state of discovery and pending disputes. *Id.* at ¶ 8. On May 6, 2025, the parties met and conferred regarding Plaintiff's requested depositions, EIS's Arbitration Motion and Motion to Stay Discovery, and EIS's request to stipulate to an extension of fact discovery. *Id.* at ¶ 3. EIS stated it planned to move to stay discovery pending resolution of the Arbitration Motion. *Id.*

EIS construed its Motion to Stay Discovery as a discovery motion referred to Judge Castillo, and thus followed Judge Castillo's procedures for motions that "[n]o discovery motion may be filed until the Court has conducted its pre-motion telephonic conference unless the movant has obtained leave of Court sought by an ex parte application." *Id.* at ¶ 8; Honorable Pedro V. Castillo, *Judge's Procedures R. 1(c)(iii),* https://www.cacd.uscourts.gov/honorable-pedro-v-castillo#ordersadditional (last visited May 18, 2025). At the parties' request, Judge Castillo set an informal discovery conference for May 13, 2025. *Id.*

---

[2] EIS is aware May 26 is a federal holiday, but in the interest of an expedient resolution and to limit the burden on Plaintiff's counsel and the Court, requests this deadline regardless.

Pursuant to L.R. 7-3, EIS filed its Arbitration Motion on May 13. *Id.* at ¶ 10. After EIS filed its Arbitration Motion, the parties attended the scheduled informal discovery conference with Judge Castillo. *Id.* EIS argued that any depositions or further discovery should be stayed pending resolution of EIS's Arbitration Motion. *Id.* Judge Castillo found that only the District Court has the ability to stay discovery and, at Plaintiff's request, ordered EIS to present a 30(b)(6) witness for deposition prior to June 18, the same date the Arbitration Motion (and now Motion to Stay Discovery) is noted for consideration. *Id.* at ¶ 11; ECF No. 36. Judge Castillo also ordered an expedited schedule for joint stipulations by June 3 regarding Plaintiff's requested 30(b)(1) depositions of multiple dispute operators who handled Plaintiff's disputes to EIS, with a hearing scheduled for June 12, 2025, if necessary. *Id.* at ¶ 12.

On May 15, EIS filed its Motion to Stay, which, pursuant to L.R. 6-1 and this Court's normal briefing schedules, was noted for the next available hearing on June 18. *Id.* at ¶ 13. On May 16 at 9:21 A.M., PST, EIS's counsel contacted Plaintiff's counsel to request Plaintiff's 30(b)(6) deposition notice to EIS and a telephonic conference regarding an expedited briefing schedule on the Motion to Stay Discovery given Judge Castillo's impending deadlines. *Id.* In response, at 2:18 P.M. Plaintiff's counsel served a Notice of 30(b)(6) Deposition on EIS for May 29 at 10 A.M. but did not acknowledge EIS's request for a telephonic conference. *Id.* At 2:22 P.M., EIS's counsel again requested Plaintiff's counsel's availability for a telephonic conference. *Id.* Plaintiff's counsel did not respond. *Id.* On May 19 at 10:07 A.M., EIS's counsel called Plaintiff's counsel, but Plaintiff's counsel was unavailable. *Id.* at ¶ 14. EIS's counsel called again at 3:04 P.M., and the parties conferred regarding the requested relief. *Id.* Plaintiff opposes the requested relief. *Id.*

## LEGAL STANDARD

"A party filing an ex parte application must support its request for emergency relief with 'evidence ... that the moving party's case will be irreparably prejudiced if

the underlying motion is heard according to regularly noticed motion procedures,' and a showing 'that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect.'" *Torres v. Igdaloff*, 2022 WL 17078883, at *1 (C.D. Cal. Feb. 17, 2022).

"[D]istrict judges have broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16." *Avila v. Willits Env't Remediation Trust*, 633 F.3d 828, 833 (9th Cir. 2011). "A court may modify the deadlines to brief and hear a motion 'when a court order—which a party may, for good cause, apply ex parte—sets a different time.'" *Torres*, 2022 WL 17078883, at *1 (citing Fed. R. Civ. P. 6(c)(1)(c)).

## LEGAL ARGUMENT

### I. *EX PARTE* RELIEF IS WARRANTED HERE

#### A. EIS will be irreparably prejudiced absent an expedited briefing and hearing schedule for its Motion to Stay Discovery.

Given impending expedited joint stipulation deadlines and Plaintiff's deposition of EIS's 30(b)(6) representative noticed for May 29, 2025, EIS will be irreparably prejudiced if the Court does not consider this request for expedited briefing *ex parte* and the Motion to Stay is not expedited and heard on May 27, 2025.

Plaintiff has a binding arbitration agreement with EIS. *See generally* Arbitration Motion, ECF No. 35. As explained in EIS's Motion to Stay Discovery, if the parties are required to engage in further discovery while the Court adjudicates EIS's Arbitration Motion, the parties will "forever lose" their bargained-for rights to enjoy the advantages of arbitration. *Mahamedi IP Law, LLP v. Paradice & Li, LLP*, 2017 WL 2727874, at *1 (N.D. Cal. Feb. 14, 2017); *Klepper v. SLI, Inc.*, 45 Fed. App'x 136, 139 (3d Cir. 2002) (noting that the benefits of arbitration are lost when parties are required "to submit to full discovery under the Federal Rules of Civil Procedure [that] may unnecessarily subject them 'to the very complexities, inconveniences and expenses of litigation that they determined to avoid'");

*Recognition Equip., Inc. v. NCR Corp.*, 532 F. Supp. 271, 275 (N.D. Tex. 1981) (explaining that arbitration is designed to "facilitate and expedite the resolution of disputes, ease court congestion, and provide disputants with a less costly alternative to litigation" and proceeding with discovery under the Federal Rule of Civil Procedure pending arbitration would not further those objectives); *see Mundi v. Union Sec. Life Ins. Co.*, 2007 WL 2385069, at *6 (E.D. Cal. Aug. 17, 2007) (finding that "the parties should not be required to endure the expense of discovery that ultimately would not be allowed in arbitration").

"Moreover, if Plaintiff is compelled to arbitrate, the court will be required under the FAA to stay the proceedings pending the outcome of the arbitration." *Richan v. Ageiss, Inc.,* No. 22-cv-01060-NYW, 2022 WL 2643565 *3 (D. Colo. July 7, 2022); *see also* 9 U.S.C. § 3. Courts frequently stay discovery pending resolution of a motion to compel arbitration for these reasons. *See, e.g., Norman v. Travelers Ins. Co.*, No. 3:19-CV-2351-S-BN, 2019 WL 6250782, at *2 (N.D. Tex. Nov. 22, 2019) (stay of discovery pending resolution of motion to compel arbitration); *Patel v. Regions Bank*, No. 18-CV-796-BAJ-RLB, 2018 WL 6422110, at *2 (M.D. La. Dec. 6, 2018) (stay of discovery pending resolution of motion to compel arbitration); *Arik v. Meyers*, Case No. 2:19-CV-01908-JAD-NJK, 2020 WL 515843 (D. Nev. Jan. 31, 2020) (same); *Megacorp Logistics, LLC v. Turvo, Inc.*, No. 18-CV-01240-EMC, Dkt. No. 65 (N.D. Cal. July 30, 2018) (same).

In contrast, "a temporary stay of discovery will not prejudice [Plaintiff]. If the claims are subject to arbitration, [Plaintiff] will not be prejudiced by being barred from taking discovery to which they are not contractually entitled. If the claims are not subject to arbitration . . . a brief delay in . . . discovery to determine what discovery is appropriate is not prejudicial." *In re CenturyLink*, 2018 WL 2122869, at *2; *see also Mahamedi*, 2017 WL 2727874, at *1 ("If the Court ultimately determines that the dispute should be arbitrated, 'responsibility for the conduct of

discovery lies with the arbitrators'—and if not, Mahamedi will suffer no prejudice from a temporary stay.") (citations omitted).

Indeed, the U.S. Supreme Court recently reiterated in *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 742-43 (2023), that courts should aim to prevent irreparable harm posed by discovery while the merits of a motion to compel arbitration are litigated. Holding that district courts must stay proceedings while questions of arbitrability were pending on appeal, the Court observed that absent a stay, "many of the asserted benefits of arbitration (efficiency, less expense, less intrusive discovery, and the like) would be irretrievably lost—even if the court of appeals later concluded that the case actually had belonged in arbitration all along." *Coinbase*, 599 U.S. at 743. *Coinbase* also found courts should "consider litigation-related burdens . . . to constitute irreparable harm" when arbitrability is at stake. *Id.* at 746. Further, continuing proceedings poses the "possibility that the district court will waste scarce judicial resources—which could be devoted to other pressing criminal or civil matters—on a dispute that will ultimately head to arbitration in any event. That scenario represents the 'worst possible outcome' for parties and the courts." *Id.*

That same logic applies here. *See Williams v. Experian Info. Sols. Inc.*, CV-23-01076-PHX-DWL, 2024 WL 739676 *4 (D. Ariz. Feb. 23, 2024) (granting EIS's request for temporary stay and noting "the logic of *Coinbase* suggests that a pending motion to compel arbitration qualifies as a particularly strong basis for ordering a temporary stay of discovery"). Plaintiff is seeking extensive, burdensome discovery that EIS must oppose while its motion to compel arbitration is pending, including regarding the propriety of 30(b)(6) depositions, document demands, and Plaintiff's push to hold multiple 30(b)(1) depositions of dispute operators in a simple single-consumer FCRA case. Even now, EIS is forced to expend resources defending depositions and participate in extensive briefing on these cumulative discovery pursuits.

Moreover, Judge Castillo's finding that he did not have the authority to grant a stay of discovery based on the Arbitration Motion while also ordering EIS to produce a 30(b)(6) witness and participate in briefing is analogous to the Supreme Court's concerns regarding interlocutory appeals in *Coinbase*. Like *Coinbase*'s finding that it "makes no sense for trial to go forward while the court of appeals cogitates on whether there should be one," it makes no sense to subject Judge Castillo or EIS to discovery motion practice and allow depositions to go forward while the district court "cogitates on whether there should be [discovery]." *Coinbase*, 599 U.S. at 741.

The current order of briefings and hearings prioritizes discovery over the motion that moots discovery, exposing EIS to irreparable prejudice in the process. As observed in *Coinbase*, this "scenario represents the 'worst possible outcome' for parties and the courts," as proceeding with these disputes and discovery "will waste scarce judicial resources" and render the "benefits of arbitration . . . irretrievably lost." *Coinbase*, 599 U.S. at 743. Consequently, EIS satisfies the irreparable prejudice requirement for *ex parte* relief.

**B.  EIS has acted diligently and is without fault in the crisis requiring *ex parte* relief.**

EIS is also "without fault in creating the crisis that requires ex parte relief," and if not, "the crisis occurred as a result of excusable neglect." *Torres*, 2022 WL 17078883, at *1. The current crisis stems only from requests for expediting discovery by Plaintiff and briefing schedules set by the Court, not the actions of EIS.

EIS has acted with diligence even in the face of a complicated transition of counsel. EIS's new counsel diligently communicated with Plaintiff on April 28—one day after receiving the case file from prior counsel—to arrange a telephonic conference discussing Plaintiff's requests for 30(b)(6) and 30(b)(1) depositions and EIS's objections. A telephonic conference was held on May 6, 2025. Unable to

resolve their differences regarding any of these issues, the parties contacted Judge Castillo for an informal discovery conference relating to the Motion to Stay Discovery and depositions. Judge Castillo set the informal conference for May 13, 2025. Pursuant to the seven day requirement under L.R. 7-3, EIS filed its Arbitration Motion on May 13 before the informal conference. After the informal conference, EIS filed its Motion to Stay Discovery on May 15 and scheduled the hearing for the next available date on June 18.

Based on Judge Castillo's and this Court's Standing Order, EIS construed the Motion to Stay Discovery to fall under Judge Castillo's jurisdiction because it is a motion pertaining to discovery. This Court's procedures state that "[a]ll discovery matters are referred to the assigned magistrate judge." Honorable Sherilyn Peace Garnett, *Judge's Procedures, R. 5: Discovery Matters*, https://www.cacd.uscourts.gov/honorable-sherilyn-peace-garnett (last visited May 19, 2025). Judge Castillo's procedures state that "[n]o discovery motion may be filed until the Court has conducted its pre-motion telephonic conference unless the movant has obtained leave of Court sought by an ex parte application." Honorable Pedro V. Castillo, *Judge's Procedures, R. 1(c)(iii)*, https://www.cacd.uscourts.gov/honorable-pedro-v-castillo#ordersadditional (last visited May 18, 2025). Thus, a plain reading of these rules instructs that EIS could not file its Motion to Stay Discovery prior to the informal discovery conference that set the impending deadlines at issue.

Similarly, because Judge Castillo found the authority to stay discovery lies only with the District Court, he did not consider EIS's arguments for a stay when setting deadlines and ordering production of a 30(b)(6) witness. In fact, Plaintiff requested a witness be presented before June 18 *specifically because* the Arbitration Motion was scheduled for hearing on June 18. Over EIS's timing and availability objections, Judge Castillo granted Plaintiff's request. *See* ECF No. 36. And because the fact discovery cut-off is July 9, Judge Castillo also set an expedited schedule

under L.R. 37-2 to render a decision on Plaintiff's requested 30(b)(1) depositions of dispute operators, with Plaintiff serving stipulations on May 19; EIS responding with stipulations on May 27; the parties submitting the stipulations on June 3; and a hearing, if necessary, set for June 12. *See* ECF No. 36.

The current exigencies are, therefore, the product of Plaintiff's requests for expedited scheduling that EIS opposed and deadlines set by the Court that EIS could not anticipate prior to the informal conference. After the informal conference, there was no hearing date available in the normal course to have the motion heard before Judge Castillo's briefing deadlines and discovery hearing. *See Torres*, 2022 WL 17078883, at *1 (finding parties did not create crisis for expedited briefing of good faith settlement when motions deadline had passed and there was "not sufficient time to hear a regularly noticed motion to expedite the hearing date before the final pretrial conference.").

Finally, the necessary date for a new hearing was not clear until May 16, when Plaintiff noticed the 30(b)(6) deposition for May 29. Indeed, despite multiple attempts by EIS's counsel to confer on May 16 regarding expedited briefing, Plaintiff's counsel ignored all email requests by EIS to schedule a telephonic conference while responding to separate portions of the same emails. In sum, EIS had no control or ability to prevent the current crisis.

## II. GOOD CAUSE EXISTS TO SET AN EXPEDITED BRIEFING AND HEARING SCHEDULE

"[D]istrict judges have broad discretion to manage discovery and to control the course of litigation." *Avila v. Willits Env't Remediation Tr.*, 633 F.3d 828, 833 (9th Cir. 2011). "A court may modify the deadlines to brief and hear a motion 'when a court order—which a party may, for good cause, apply ex parte—sets a different time.'" *Torres*, 2022 WL 17078883, at *1 (citing Fed. R. Civ. P. 6(c)(1)(c)).

Good cause exists here to modify deadlines and expedite the hearing date. In

addition to the irreparable harm and diligence by EIS described above, deciding the Motion to Stay Discovery serves judicial economy and efficiency. In *Torres,* the court found good cause existed for an expedited briefing schedule on a motion for determination of good faith settlement because "the Court and the parties will have significantly narrowed the issues in the case" from the motion. *Torres*, 2022 WL 17078883, at *1. More than narrowing the issues, this requested stay, and the Arbitration Motion underlying it, potentially will dispose of the entire case and several accompanying discovery disputes.

The current schedule from the informal discovery conference, however, flips an efficient order of decisions on its head. There are multiple impending deadlines that EIS's Motion to Stay Discovery would render moot, including EIS's joint stipulations on Plaintiff's requested 30(b)(1) depositions due to Plaintiff on May 27; Plaintiff's 30(b)(6) deposition presently noticed for May 29, final submission of joint stipulations on June 3; the need for additional discovery; and the June 12 hearing regarding the joint stipulations. good cause exists here. Thus, given altering the deadlines and hearing date will facilitate significantly more efficient resolution of the issues, the Court should find good cause exists to modify the briefing deadlines and expedite the hearing to May 27, 2025.

## CONCLUSION

Based on the foregoing, EIS requests that the Court order an expedited briefing schedule and hearing date for EIS's Motion to Stay Discovery based on the following dates:

- Plaintiff's Response in Opposition to EIS's Motion to Stay Discovery due on May 23, 2025.
- EIS's Reply in Support of EIS's Motion to Stay Discovery due on May 26, 2025.

EXPERIAN INFORMATION SOLUTIONS, INC.'S EX PARTE APPLICATION FOR EXPEDITED BRIEFING SCHEDULE ON MOTION TO STAY DISCOVERY OR FOR A PROTECTIVE ORDER (2:24-cv-07394-SPG-PVC)

- A hearing set on EIS's Motion to Stay Discovery for May 27, 2025 at 1:30 P.M. `

Respectfully submitted this 19th day of May.

## LR 11-6.2 CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for EIS, certifies that this brief contains 3,193 words, which complies with the word limit of L.R. 11-6.1.

Dated: May 19, 2025

Respectfully submitted,

JONES DAY

By: /s/ Oren R. Depp
Oren R. Depp*, Bar No. 6345841
odepp@jonesday.com
110 N. Wacker Dr., Suite 4800
Chicago, IL 60606
Telephone: +1.312.269.4208
Facsimile: +1.312.782.8585
*Admitted *pro hac vice*

Angela M. Taylor (State Bar No. 210425)
angelataylor@JonesDay.com
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, CA 92612.4408
Telephone: (949) 851-3939

# CERTIFICATE OF SERVICE

I hereby certify that on May 19, 2025, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing, which in turn automatically generated a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF system.

*/s/ Oren R. Depp*
Oren R. Depp

*Counsel for Defendant*
*Experian Information Solutions, Inc.*

EXPERIAN INFORMATION SOLUTIONS, INC.'S EX PARTE APPLICATION FOR EXPEDITED BRIEFING SCHEDULE ON MOTION TO STAY DISCOVERY OR FOR A PROTECTIVE ORDER (2:24-cv-07394-SPG-PVC)

- 12 -